UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re ISRAEL VALLE

----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ JAN 1 5 2010
ORDER P.M.
TIME A.M.
Civil Action No.
MC-09-831 (DGT)

TRAGER, United States District Judge:

By Order dated April 23, 2004, this Court enjoined Israel Valle from filing any new civil action, seeking *in forma pauperis* status, without obtaining prior leave of court. See Valle v. State of New York, CV-04-665 (DGT). On December 30, 2009,[1] Valle sought leave to file two separate actions along with applications to proceed *in forma pauperis* and for appointment of counsel.

Leave to File Denied

The instant submissions continue Valle's pattern of vexatious litigation. Since this Court has denied Valle's repeated attempts to file frivolous actions – Valle's litigation history is listed below – he now turns his attention to the New York State courts. In each proposed action, plaintiff alleges that numerous state court judges are involved in a criminal enterprise. Accordingly, Valle's motion for leave to file these two actions are DENIED. Similar to his previous submissions, these actions are improper and frivolous in that they lack any basis in law or in fact. 28 U.S.C. § 1915(e)(2)(B); In re Martin Trigona, 9 F.3d 226, 229 (2d Cir. 1993).

Litigation History

Since the filing injunction was entered in 2004, Valle has remained undeterred. He has continued to file motions for leave to file – what the Court has repeatedly concluded are – frivolous complaints. In 2005, Mr. Valle sought leave to file five actions. See Valle v. State of New York, MC-05-111 (DGT); Valle v. United States, MC-05-112 (DGT); Valle v. United States, MC-05-113 (DGT); Valle v. YMCA, MC-05-227 (DGT); Valle v. State of New York, MC-05-243 (DGT). In

---

[1] On December 28, 2009, Valle sought leave to file a similar action against state court judges. That application was denied. See Valle v. State of New York, et al., No. MC-09-825 (E.D.N.Y. Jan. 4, 2010).

2006, Mr. Valle sought leave to file two actions. See Valle v. United States, MC-06-348 (DGT); Valle v. United States, MC-06-442 (DGT). In 2008, Mr. Valle sought leave to file a total of nine actions. Valle v. United States, MC-08-214 (DGT); Valle v. United States, MC-08-215 (DGT); Valle v. United States, MC-08-361 (DGT); Valle v. United States, MC-08-382 (DGT); Valle v. United States, MC-08-464 (DGT); Valle v. United States, MC-08-465 (DGT); Valle v. United States, MC-08-530 (DGT); Valle v. United States, MC-08-567 (DGT); Valle v. United States, MC-08-604 (DGT). In 2009, Mr. Valle sought leave to file four actions, including the instant two submissions. Valle v. United States, MC-09-65 (DGT); Valle v. State of New York, MC-09-825 (DGT).

Sanctions

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, a party may be sanctioned for pleadings "presented for any improper purpose, such as to harass, cause unnecessary delay or, needlessly increase of the cost of litigation." See Chambers v. NASCO, Inc., 501 U.S. 32, 42-52 (1991) (district court has inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly or for oppressive reasons). "[B]efore sanctions are imposed, a *pro se* litigant must be 'adequately warned of the consequences which may result from this behavior.'" Shahid v. Ridgewood-Bushwick Senior Citizen's Council, No. CV-03-4949, 2005 WL 1009549, at *1 (E.D.N.Y. Apr. 26, 2005) (quoting Golub v. Univ. of Chicago, Nos. 87 Civ. 2891, 88 Civ. 0597, 1992 WL 333641, at *4 (E.D.N.Y. Oct. 26, 1992)); Daniel v. Safir, 135 F.Supp.2d 367, 379 (E.D.N.Y. 2001); Fed. R. Civ. P. 11(c)(3). Plaintiff has been warned twice that his repeated litigious conduct would result in the imposition of a $1,500 sanction before he may file any new civil action. See Valle v. United States, MC-09-65 (DGT), slip op. (E.D.N.Y. Feb. 6, 2009); Valle v. State of New York, MC-09-825 (DGT), slip op. (E.D.N.Y. Jan. 4, 2010).

Conclusion

Accordingly, leave to file the instant two actions are DENIED.

Furthermore, Valle is hereby directed to show cause within 20 days why an order directing him to pay to the Clerk of Court $1,500 before filing any new civil action should not be entered. See, e.g., Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 59 (2d Cir. 2001) (affirming imposition of $1,500 sanction on *pro se* litigant).

If Valle fails to respond to this order within the time allowed or show good cause why the sanction should not be entered, the Court shall enter an order directing the Clerk of Court to return to Valle any new civil action that is not accompanied by the payment of $1,500 sanction to the Clerk of Court, Eastern District of New York. A copy of the Clerk's Office receipt reflecting payment of $1,500 made payable to the Clerk of Court must be attached to any new civil action, along with a request for leave to file. No action will be taken on any new civil action should plaintiff fail to comply with this procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
      January /3, 2010        SO ORDERED.

David G. Trager
United States District Judge

Conclusion

Accordingly, leave to file the instant two actions are DENIED.

Furthermore, Valle is hereby directed to show cause within 20 days why an order directing him to pay to the Clerk of Court $1,500 before filing any new civil action should not be entered. See, e.g., Malley v. Corporation Counsel of the City of New York, 9 Fed. Appx. 58, 59 (2d Cir. 2001) (affirming imposition of $1,500 sanction on *pro se* litigant).

If Valle fails to respond to this order within the time allowed or show good cause why the sanction should not be entered, the Court shall enter an order directing the Clerk of Court to return to Valle any new civil action that is not accompanied by the payment of $1,500 sanction to the Clerk of Court, Eastern District of New York. A copy of the Clerk's Office receipt reflecting payment of $1,500 made payable to the Clerk of Court must be attached to any new civil action, along with a request for leave to file. No action will be taken on any new civil action should plaintiff fail to comply with this procedure. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated: Brooklyn, New York
       January 13, 2010          SO ORDERED.

                                 _____
                                 David G. Trager
                                 United States District Judge

3